# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-238
Lower Tribunal No. 12-914-A-K
_____

**Justin August Meyer,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Michael Caruso, Federal Public Defender, and Ta'Ronce M. Stowes and Aimee A. Ferrer, Assistant Federal Public Defenders, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and HENDON and GORDO, JJ.

LOGUE, C.J.

Justin August Meyer appeals the circuit court's denial of his motion to vacate his conviction and sentence filed under Rule 3.850 of the Florida Rules of Criminal Procedure. This case raises the issue of whether a circuit court that accepted a guilty plea and granted a criminal defendant probation is divested of jurisdiction over the violation of that probation when the legislature changes the underlying crime from a felony to a misdemeanor. We hold that under the circumstances presented here, the circuit court was not divested of jurisdiction. Accordingly, we affirm.

## Background

Meyer was arrested on November 18, 2012, for stealing an iPhone with a value over $300, but less than $5,000. He was charged with one count of felony "Grand Theft" in the third degree under sections 812.014(1) & (2)(c), Florida Statutes. On February 21, 2013, Meyer pled guilty. After accepting his plea, the circuit court withheld adjudication and imposed probation for 24 months.

Meyer violated probation three times. After the first and second instances, the circuit court continued to withhold adjudication of Meyer's guilty plea but imposed an extended probationary period. Around December of 2013, Meyer violated probation for a third time, but evaded arrest for almost six years. Meyer was finally arrested for his violation on August 22,

2

2019. On October 4, 2019, the circuit court revoked his probation, adjudicated him guilty of violating sections 812.014(1) & (2)(c), and sentenced him to eight months in jail.

Prior to Meyer's conviction, however, the legislature amended section 812.014. The legislature changed the elements of a felony theft to encompass higher value items, thereby making Meyer's actions a misdemeanor.[1] The amendment took effect on October 1, 2019, three days before Meyer was adjudicated and sentenced. Ch. Law 2019-167, § 36.

---

[1] The 2012 version of section 812.014 provides:

> (c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:

> 1. Valued at $300 or more, but less than $5,000.

> . . .

> (e) Except as provided in paragraph (d), if the property stolen is valued at $100 or more, but less than $300, the offender commits petit theft of the first degree, punishable as a misdemeanor of the first degree, as provided in s. 775.082 or s. 775.083.

§ 812.014, Fla. Stat. (2012).

The 2019 version of section 812.014 provides:

> (c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:

Thereafter, Meyer moved to vacate his conviction and sentence under Rule 3.850 for lack of subject matter jurisdiction. Meyer argued that under section 775.022, Florida Statutes, because the crime to which he pled guilty was no longer a felony, the circuit court lacked jurisdiction over his case and his conviction and sentence were void. The circuit court denied his motion. This appeal timely followed.

**Analysis**

We review whether a court has subject matter jurisdiction de novo. Paul v. State, 233 So. 3d 1181, 1182 (Fla. 3d DCA 2017). Generally, circuit courts have jurisdiction over felonies and county courts over misdemeanors. § 34.01, Fla. Stat. (2019); § 26.012, Fla. Stat. (2019).

Meyer's main argument is that section 775.022 provides for the retroactive application of criminal statutory amendments where a court has not yet punished a defendant for violating the amended criminal statute.

---

1. Valued at $750 or more, but less than $5,000.

. . .

(e) Except as provided in paragraph (d), if the property stolen is valued at $100 or more, but less than $750, the offender commits petit theft of the first degree, punishable as a misdemeanor of the first degree, as provided in s. 775.082 or s. 775.083.

§ 812.014, Fla. Stat. (2019).

4

Applying the amended section 812.014 retroactively, Meyer argues that the circuit court lacked jurisdiction to punish a misdemeanor and therefore the case must be dismissed.

Section 775.022 reads:

> (3) Except as expressly provided in an act of the Legislature or as provided in subsections (4) and (5), the reenactment or amendment of a criminal statute operates prospectively and does not affect or abate any of the following:
>
> (a) The prior operation of the statute or a prosecution or enforcement thereunder.
>
> (b) A violation of the statute based on any act or omission occurring before the effective date of the act.
>
> (c) A prior penalty, prior forfeiture, or prior punishment incurred or imposed under the statute.
>
> (4) If a penalty, forfeiture, or punishment for a violation of a criminal statute is reduced by a reenactment or an amendment of a criminal statute, the penalty, forfeiture, or punishment, if not already imposed, must be imposed according to the statute as amended.

§ 775.022, Fla. Stat. (2019).

We believe the key fact here is that the circuit court entered orders of probation prior to the statutory change. The argument that the circuit court lost jurisdiction to enforce its probation orders based on the amendment to section 812.014 conflicts with the statutes expressly granting the court that

5

enters an order of probation the jurisdiction to enforce its order. See §
948.06(1)(a), Fla. Stat. (2019) ("Whenever within the period of probation . . .
there are reasonable grounds to believe that a probationer . . . has violated
his or her probation . . . any probation officer may arrest . . . such probationer
. . . and return him or her to the court granting such probation[.]"); §
948.06(2)(b), Fla. Stat. (2019) ("If probation . . . is revoked, the court shall
adjudge the probationer or offender guilty of the offense charged and proven
or admitted . . . and impose any sentence which it might have originally
imposed before placing the probationer on probation[.]").

Because the circuit court had jurisdiction to enter the orders of
probation, the circuit court retained the authority to enforce its orders. To rule
otherwise would effectively nullify the circuit court's order of probation and
reward the defendant's violation of the order and six-year evasion of arrest.
See McKendry v. State, 641 So. 2d 45, 46 (Fla. 1994) ("[A] specific statute
covering a particular subject area always controls over a statute covering the
same and other subjects in more general terms.").

We do not believe our decision conflicts with Dean v. State, 303 So.
3d 257 (Fla. 5th DCA 2020), which held that a circuit court did not have
jurisdiction of a pending information when the legislature changed the
charged crime from a felony to a misdemeanor. Dean did not involve the

6

circumstance here where the circuit court had issued orders of probation, the criminal defendant violated those orders, and the criminal defendant evaded arrest for six years prior to the statutory change.

In so holding, we note that the amount of incarceration time imposed by the circuit court did not exceed the time authorized under the amended statute.[2]

Affirmed.

HENDON, J., concurs.

GORDO, J., concurs in result only.

---

[2] As mentioned above, Meyer frames his argument entirely as an attack on the jurisdiction of the circuit court to enter the judgment and sentence at issue. The only remedy he seeks is to have the judgment and sentence declared void. A different issue concerns what sentencing limits were available for the violation of probation due to the change in the underlying criminal statute. Because Meyer did not raise this issue, we do not reach it.